THE PEOPLE OF THE STATE OF NEW YORK EX REL. MATTHEW D. FREER, RESPONDENT, v. THE CANAL APPRAISERS, APPELLANTS.

*Canal Appraisers — refusal to make return to canal board — mandamus.*

Upon an appeal by a claimant to the canal board from a decision of the Canal Appraisers, the latter refused to make a return to the appellate tribunal, on the grounds, first, that the appeal was not taken in time; and, second, that the relator had settled his claim and given a release in full therefor.

*Held,* that both of these questions were to be considered and decided by the appellate tribunal and not by the Canal Appraisers, and that a *mandamus* should issue compelling the Appraisers to make the required return.

APPEAL from an order made at the Special Term, granting a writ of peremptory *mandamus* compelling the appellants to make a return

to the canal board in the matter of the respondent's appeal from a decision made by them.

*Parker & Countryman,* for the appellants.

*N. A. Halbert,* for the respondent.

LEARNED, P. J. :

The Canal Appraisers constitute a tribunal to decide on certain matters between the State and claimants. They passed upon a claim of the relator. He appealed from their decision to the canal board. On such appeal it is the duty of the appraisers to make a return to the canal board. They refuse to do this. Their reasons are two : First, that the appeal was not taken in time. Second, that the parties, that is, the people and the relator, have settled the claim.

Now it appears to us that these are questions properly to be decided by the appellate tribunal, viz., the canal board. It would be unreasonable if the inferior tribunal could deprive the superior tribunal of the right to review, by deciding that the appeal was not taken in time, or that the cause had been settled. For instance : an appeal lies from this court to the Court of Appeals; would it be proper for a clerk of this court to refuse to make a return, after a notice of appeal had been served, on the ground that it had not been served in time, or that the parties had settled? Clearly not. Those would be matters for the Court of Appeals to decide in that case. They would have to pass upon their jurisdiction of the case. And so in this case, it is not for the Canal Appraisers or their clerk to decide that the right of appeal is gone. That must be decided by the canal board.

But it will be said that it is for this court to decide these questions on this motion. We think not. The question is, what ought the canal appraisers to have done? If they ought to have made the return for the reason that it did not lie with them to decide the questions above mentioned, then we have nothing to do with those questions on this motion. We ought not on this motion to pass on questions which are to be decided by the canal board. Whether or not those questions may eventually come to us, after a decision by

the canal board, we need not now inquire.   The question now is, what, under the facts before them, was the duty of the Canal Appraisers?   They certainly had not the right to pass on the fact of the alleged settlement.   It is true that a *mandamus* could not issue in a doubtful case.   But what is in doubt here?   Not the question whether the appeal is in time, nor whether the parties have settled. Those are matters with which we have nothing to do, because the canal appraisers had nothing to do with them.   The only question is whether, when a notice of appeal had been served on the inferior tribunal, it ought to send the papers to the appellate tribunal, or ought itself to decide whether the appeal is well taken, and if it should decide in the negative ought to deprive the appellate tribunal of the opportunity of passing on the question.

Of course there might possibly be cases where the appeal was so utterly improper, or so clearly barred, that in an exercise of discretion we might refuse a *mandamus*, leaving the party to his common law action.   But we do not think that this is such a case.   If an issue were raised and tried in this proceeding, as we think, the question would be, not whether the appeal was too late, or whether the claim was settled, but whether the canal appraisers were authorized to try those facts and to refuse a return if they found the facts against the relator.

We do not see that any harm can be done if the Canal Appraisers make the return.   The canal board, if they think that the appeal is taken too late, or that the claim is barred by settlement, can so decide.   Whatever right of review of their decision is given by law, directly or indirectly, can then be had.

We think the order should be affirmed, with ten dollars costs and disbursements.

BOCKES, J. :

I agree with my brother OSBORN, that on the papers before us it is made to appear very clearly that the relator accepted the award made by the canal appraisers in full satisfaction of his claim ; and that he should be held to such acceptance as a finality.   But, I think, with Mr. Justice LEARNED, that this question was not for the appraisers, and is not for us now on this appeal, but rests with the appellate tribunal to determine.   It will not do for an inferior

PEOPLE ex rel. FREER v. CANAL APPRAISERS.    67

THIRD DEPARTMENT, JANUARY TERM, 1878.

court or tribunal to undertake to decide upon the validity of an appeal taken from its judgment, by refusing to make return. The question of the regularity and validity of an appeal in a case where an appeal is authorized by law must, in reason and propriety, be determined by the appellate tribunal.

I must concur with Mr. Justice LEARNED, that it does not lie with the Appraisers to say that the appeal was not brought in time, or that the relator had settled and accepted satisfaction of the subject-matter of this controversy, and therefore refuse to make return. Those questions are as I think for the appellate tribunal, when the record shall have been certified to it, by a return to the appeal.

OSBORN, J.:

I regret that I cannot concur with my older and more experienced brethren in the disposition that should be made of this case. I cannot escape the conviction that the court at Special Term erred in awarding a peremptory *mandamus* to the relator.

Aside from the point raised, that the appeal from the award of the Canal Appraisers to the canal board was not taken in time, which seems to be in some doubt, the papers show quite clearly, if not conclusively, that the relator accepted the amount found due him in full satisfaction of any and all demands against the State. The receipts he gave purported to be receipts in full, and the fact appears that he was notified that a certificate could not be awarded or payment made, unless he (relator) accepted the same in full of his demand. This was one of the regulations of the State, and a very proper one too, that if the claimant received the amount awarded him he must give a receipt and release in full of all demands on which and for which the award to him was made. The number of claimants is of course very large. The amount demanded is also very large, and it could hardly be expected that in the majority of instances the claimants will be satisfied with the amount awarded them. If in such cases they may be permitted to receive the amount awarded, give receipts in full, and then bring and prosecute appeals in hope of obtaining greater amounts, the State is surely placed at a disadvantage that can only work injustice.

In this case it is true the relator denies that he agreed in terms to accept the award in full, but the preponderence of evidence is that he did, and he did give receipts purporting to be in full of all his claims and demands.

Under such circumstances I do not think a peremptory mandamus should issue. To entitle a party to such a writ the facts upon which the same is asked must be reasonably clear and free from doubt.

For the reasons already given the order at Special Term should be reversed, with ten dollars costs and printing disbursments, but without prejudice to the rights of the relator to apply again to the Special Term for an alternative *mandamus*, if he shall be so advised.

Order affirmed, with costs.